(36 Misc. Rep. 693.)

### In re FRANCE.

(Supreme Court, Special Term, Cayuga County.  January, 1902.)

LIQUOR TAX LAW—SUBMISSION OF PROPOSITIONS—IRREGULARITIES OF CLERK.

Laws 1901, c. 640, § 3, amending Laws 1896, c. 112, § 16, provides that if, for any reason, except failure to file a petition therefor, the propositions in the liquor tax law submitted to electors of a town shall not have been properly submitted, the propositions shall be submitted at a special meeting duly called, on filing with the town clerk a petition, and on an order of the supreme or county court. *Held*, that a town clerk's failure to post and publish the statutory notice of a submission of the local option propositions at the regular town meetings does not invalidate the election, and require a resubmission, where a sufficient petition was duly filed, and the electors knew that the propositions were to be voted for at the town meeting, and the subject had been duly discussed, and a full vote was cast thereon.

Application by the state, on the relation of Andrew L. France, for an order directing the calling of a special town meeting in the town of Fleming to resubmit propositions set forth in the liquor tax law as to local option.  Denied.

Frank M. Leary, for the motion.
R. R. Scott, opposed.

DUNWELL, J.  At the regular town meeting, February 19, 1901, the electors answered all the propositions in the negative; and the relator, who is a hotel keeper, makes this motion, alleging irregularities which he asserts render that election, upon the propositions, illegal, and entitle him to have them resubmitted.  It is conceded that the petition of 10 per centum of the electors of said town, requesting the submission of said propositions, was duly filed with the town clerk more than 20 days before said town meeting, as the law requires.  The relator's objection is that the town clerk did not give the proper notices that the propositions would be submit-

ted at said town meeting. The statute requires that the town clerk shall post a notice of such submission in four public places in said town at least ten days before the town meeting, and publish it in one newspaper in the county at least five days before. The town clerk, in fact, did not publish in a newspaper at all, and posted the notices five days before the town meeting, instead of ten. Nevertheless the affidavits on the part of the respondent show that the electors of the town meeting were aware that the propositions were to be submitted about one month before the town meeting, and that the subject was one of great interest and a topic of general discussion among the residents of the town for the period; that the number of votes cast at the town meeting was 306, indicating the attendance of nearly all, if not all, of the electors of the town, being the same number of votes cast at the presidential election in 1900,—an unusually large vote for said town; that all of said voters accepted ballots containing said propositions, and returned them in the usual manner to the election officers; and that they were by them deposited in the ballot boxes. The count of the votes upon said local option propositions ranges from 71 to 89 in favor thereof, and from 152 to 167 opposed thereto. Each proposition was negatived by more than a majority of the whole number of persons voting at said town meeting,—practically by a majority of the whole number of voters in said town. There is hardly room for a doubt that the electors of said town were fully apprised at and before said town meeting that said propositions were to be voted upon and determined thereat. It is probable that the attendance at said regular town meeting was larger, that the information upon the subject was more general, and that the expressions of the sentiment of the voters was more full and complete, than can be attained at a special town meeting. The question, then, here presented, is whether the omission of some of the formal steps prescribed by the statute for giving notice shall invalidate the election, although actual and timely notice was in fact received by the voters concerned. An affirmative answer would seem like sacrificing substance to formality.

The statute wisely provides for notice. Care was taken by the legislature that the electors should not go uninformed. Therefore it was necessary to designate certain observances that would be regarded as sufficient. But it is not probable that the authors of the statute supposed that the meager information that would reach the voters through four posted notices and one insertion in a town or county paper would convey the real and abundant notice to the electors upon which they would act. It is common knowledge that the formal notices of our elections prescribed by statute have comparatively very little to do in informing the electors of the issues at stake at any election. Take the case under consideration, for illustration. To begin with, 10 per cent., or upwards of 30 voters, at least, signed the petition for the submission of the propositions. They had a right to assume that the clerk would give the proper notice and prepare the ballots. The question of local option to be decided at the ensuing town meeting, as is shown by the affidavits of the respondent, at once assumed importance, and was a subject

of general controversy and discussion for at least a month throughout the town. The information was disseminated by these discussions as no statutory notices could so effectively do, and the number of votes cast upon the propositions shows that the electors were in fact actually informed; that being the real purpose of the statute. The statute itself does not declare that the omission under consideration shall invalidate the election. Its effect is left for the courts to deal with. The statute reads:

"If for any reason except the failure to file any petition therefor, the four propositions provided to be submitted herein to the electors of a town shall not have been properly submitted at such biennial town meeting, such proposition shall be submitted at a special town meeting duly called. But a special town meeting shall only be called upon filing with the town clerk the petition aforesaid and an order of the supreme or county court, or a justice or judge thereof, respectively, which may be granted upon eight days' notice to the state commissioner of excise, sufficient reason being shown therefor." Laws 1901, c. 640, § 3, amending Laws 1896, c. 112, § 16 (the liquor tax law).

It will be seen that if the petition, which must have its origin from a percentage of the body of the people themselves, is not filed, no special town meeting can be called. If the people themselves are not sufficiently interested to take the initiative prescribed by statute, they cannot subsequently complain. Without their initiative no one has the right to assume to represent them by any attempt to submit the propositions. But for a failure to properly submit in other respects, a special town meeting may be called upon an order of the court, "sufficient reason being shown therefor." Is the failure of the town clerk to post and publish the notice "sufficient reason" to require the setting aside of the election in this instance? That it may be sufficient reason in cases that may arise under circumstances different from those in this case must be admitted. If the electors do not receive actual notice, then they are at least entitled to as much information as the statutory notice would give. The question involved here has to some extent received the attention of the courts. In People v. Chandler, 41 App. Div. 178, 58 N. Y. Supp. 794,—a case involving the submission of local option propositions under the liquor tax law, —a notice by the town clerk was given only four days before the town meeting; but the court held that, as it appeared that the notice given was effectual by actually informing the electors, the propositions were properly submitted,—citing People v. Wood, 148 N. Y. 142, 42 N. E. 536, where it is said:

"We can conceive of no principle which permits the disfranchisement of innocent voters for the mistake or even the willful misconduct of election officers in performing the duty cast upon them. The object of elections is to ascertain the popular will, and not to thwart it. The object of election laws is to secure the rights of duly-qualified electors, and not to defeat them. Statutory regulations are enacted to secure freedom of choice and to prevent fraud."

In Re Eggleston, 51 App. Div. 38, 64 N. Y. Supp. 471, the only questions decided were that the town clerk is the proper officer with whom to file the petition, and that he is the proper officer to give notice of the submission of the propositions. In Re Rowley, 34

Misc. Rep. 662, 70 N. Y. Supp. 208, it was held at special term that, if there was actual notice to the electors, a new election would not be ordered because the town clerk had failed to give the statutory notice. In Re O'Hara, 63 App. Div. 512, 71 N. Y. Supp. 613, it was decided that mandamus was not the proper remedy,—to that extent overruling the Eggleston Case; but the court, in referring to that case, remarked that it was decided rightly upon the merits, which is undoubtedly so, for in the Eggleston Case the petition, although at first filed with the town clerk, was removed from his office by the county clerk, so that in fact that was a failure to file the petition, which must be conceded to be fatal both under the election law and the liquor tax law. But in the present case there was no error, except the clerk's failure to post and publish the notice which was held in the Chandler Case, supra, not to invalidate the election. In Re Eggleston, 51 App. Div. 43, 64 N. Y. Supp. 474, the court say:

"As suggested above, we determine on this appeal only two propositions: First, that the petition must be filed with the town clerk; second, that he must give notice of the vote on local option as prescribed in the town law for propositions submitted to the electors of the town. We do not decide what officer is charged with the duty of furnishing the ballots," etc.

It is thus seen that the Eggleston Case only holds that the petition must be filed with the town clerk, and that he is the officer to give notice of the submission of the propositions, and that, where neither petition is filed, nor notice given, the propositions are not properly submitted. While the Eggleston Case is undoubtedly authority upon the question there decided, it does not consider or decide the point raised here.

The question involved here is an important one. It is whether a town officer, charged with some duty in respect to a question to be submitted to the people's suffrages, can, by an omission afterwards supplied and rendered unimportant by the action of the people themselves, invalidate their determination at the polls. There is no suggestion of fraud or intentional omission on the part of the town clerk or others interested in the election, or that any one concerned has been actually prejudiced. No one was misled, nor is there any allegation that any elector of the town was not informed that the propositions were to be submitted, nor is there room for an inference that any voter was left in ignorance of the fact. On the contrary, the undisputed evidence conclusively establishes that all were informed, and acted upon the information. To hold, under such circumstances, that the propositions must be again submitted for the purpose of a more formal compliance with the letter of the statute seems against good sense, and the whole spirit of the reported cases, construing election laws. The motion for a special town meeting must be denied, with $10 costs to respondent.

Motion denied, with $10 costs to respondent.