(51 App. Div. 38.)

EGGLESTON v. BOARD OF CANVASSERS OF TOWN OF DAYTON, CATTARAUGUS COUNTY, et al.

(Supreme Court, Appellate Division, Fourth Department. April 10, 1900.)

1. LOCAL OPTION—PETITION—FILING—PROPER OFFICER.

Laws 1896, c. 112, § 16, authorizes submission of the question of local option in a town every second year, on petition of 10 per cent. of the electors, and requires such petition to be filed with the officer charged with the duty of furnishing ballots for the election. At the time of this enactment, the town clerk was the officer charged with furnishing the ballots. By Laws 1896, c. 909, it was made the duty of the county clerk to furnish official ballots to be voted at general election; and by Laws 1898, cc. 363, 594, the town meeting was to be held concurrently with the general election. *Held,* that it is still necessary that the petition for the submission of the question of local option be filed with the town clerk.

2. SAME—ELECTION—NOTICE—TOWN CLERK.

Laws 1897, c. 481, § 32, requires the town clerk to give 10 days' notice of any matter to be voted on by them, except town officers. Laws 1890, c. 569, § 34, requires a written application, plainly stating the question, to be filed with the town clerk 20 days before the town meeting, on which the clerk's notice is based. Liquor Tax Law, § 16, requires the petition of the electors for a vote on local option to be filed with the proper officer 20 days before the town meeting. *Held,* that though Laws 1896, § 16, does not provide for notice of the submission of the question of local option, the town clerk must nevertheless give notice as required by Laws 1897, c. 481, § 32, of such submission.

Appeal from special term.

Mandamus by the people, on relation of William Eggleston, against the board of town canvassers and boards of election inspectors of the town of Dayton, Cattaraugus county, to compel them to reject all votes cast on the question of local option at an election in such town. From an order denying a peremptory writ, relator appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

N. M. Allen and J. S. Whipple, for appellant.
James E. Bixby, for respondents.

SPRING, J. In the month of September, 1899, electors of the town of Dayton, in the county of Cattaraugus, comprising more than 10 per centum of the number of votes cast at the general election in the fall of 1898, executed and acknowledged a petition requesting "that the question of excise as to license and no license may be submitted to the electors of said township for suffrage at the coming town meeting to be held in said township on Tuesday, November 7, 1899." This petition was directed to the town clerk of said town, and was filed by him October 7, 1899, but was taken therefrom by the clerk of the county, by whom it was filed on the 14th day of October, and remained thereafter in his office. No other petition asking for such submission was filed by the town clerk, and no notices of election on such subject were posted by such officer. Town meetings in said county were held for the first time last year coincident with the general election, and ballots containing the four proposi-

tions specified in the liquor tax law were submitted to the electors
in the two election districts composing the said town of Dayton.
Subdivision 4, § 16, of the said law, which related to the authority
of hotel keepers to traffic in liquors, was defeated by two majority,
and the relator in this proceeding was the owner and proprietor of a
hotel in said town. The two questions presented on this appeal are:
First. Is it necessary to file the petition of the electors for the sub-
mission of these questions with the town clerk? Second. Must that
official give notice of such submission, within the requirements of
the town law?

The determination of the questions involved depends upon the
construction to be given to the liquor tax law (chapter 112, Laws
1896, amended by chapter 398, Laws 1899), the election law (chapter
909, Laws 1896), and the town law (chapter 569, Laws 1890, amended
by chapter 481, Laws 1897). Of course, an effort should be made to
harmonize as far as possible these three important enactments.
Since they, respectively, became a part of the law of the state, they
have been continued in operation by various amendments, and the
legislative intention to give effect to each of them is manifest, and
that purpose should be respected by the courts. As was said by the
court of appeals in Re Taylor, 150 N. Y. 342, 44 N. E. 790, in con-
struing two correlative statutes: "When both statutes can fairly
stand and operate together, each performing an appropriate office,
there is no repeal by implication." By section 16 of the liquor tax
law, provision is made for the submission of local option to the
electors of the town every second year, and the submission of this
question in the town of Dayton was an attempted fulfillment of this
section. The section requires the petition of the electors desiring
the submission of the four questions prescribed therein at the town
meeting to be "filed with the officer charged with the duty of fur-
nishing ballots for the election." Until the change in the law, town
meetings were held in the spring throughout the state, and the officer
charged with furnishing the ballots uniformly was the town clerk.
The record in this case does not show definitely what officer furnished
the ballots for the submission of these propositions to the electors
of the town of Dayton, nor has the question of the proper officer, to
perform that duty been presented on this appeal by either of the
learned counsel, and is not, therefore, before us. The solution of
the questions pertaining to this appeal can be determined without
deciding what officer was charged with the duty of furnishing the
ballots. Section 16 requires that this petition be filed with the
proper officer at least 20 days before the town meeting. The law,
however, does not invalidate the election because of the omission
to file this within the prescribed time. The act provides: "When-
ever through a failure to file any such petition within the time re-
quired by a town clerk in any town in which said petition was pre-
sented for filing at least ten days prior to the time of holding the
town meeting in said town, * * * or where the town clerk
* * * shall be enjoined" from providing ballots, said clerk shall
call a special town meeting. The town clerk, it will be seen, is the
officer to whom the duty is committed, and with whom the petition

must be filed. In fact, when this act was passed, it was clear and unmistakable that the town clerk was the officer charged with the duties of filing the petition, providing the ballots, etc. While the election law has created some confusion as to the proper officer to furnish the ballots, there is nothing in that law dispensing with the filing of the petition with the town clerk. That requirement is maintained in its integrity in the most recent amendments to the liquor tax law, and despite the fact that the town meeting is now held simultaneously with the general election, and the duty rests upon the county clerk of providing the official ballots containing the names of the candidates to be used thereat.

Second. But the vital practical object arising upon the filing of this petition is to enable the town clerk to give notice to the electors that these propositions are to be submitted to them to vote upon. This enactment contains no requirement as to giving notice of the submission of these questions to the electors. That was unnecessary, for the town law (section 32, c. 481, Laws 1897, and the acts prior thereto) imposed the duty upon the town clerk to give 10 days' notice of any matter to be voted upon by the electors of the town, except town officers. The requirement as to the filing of the petition must have been enacted with reference to this law, for the petition is to be filed at least 20 days prior to the voting pursuant to it. The county clerk is not charged with the duty of giving notice of the submission of these questions to the electors. He must send a sample ballot to the town clerk 5 days preceding the election, which would afford but meager notice to the electors of a rural community. The general election law obliges him to give public notice of all elections, with the name and place of residence of each candidate, and to furnish lists to the town clerk (sections 5, 61), and the latter functionary is required to post such list of these nominations (sections 62, 63). There is, however, no provision in the election law making it obligatory upon the county clerk to give notice of town propositions or questions to be submitted to the electors. No provision is made in the election or town law for advising the county clerk of any proposition to be voted upon which relates to the internal affairs of the town. The town law, however, provides that "no proposition or other matter than the election of officers shall be voted upon by ballot at any town meeting," unless "a written application, plainly stating the question," shall be filed with the town clerk "at least twenty days before the town meeting." The town clerk is required to "give at least ten days' notice, posted conspicuously in at least four public places in the town, of such proposed question, and that a vote will be taken by ballot at the town meeting mentioned." Section 34, c. 569, Laws 1890.

Again, the liquor tax law provides for only one petition, and, if that must be filed in the office of the county clerk, the requirement that 10 days' notice be given of every proposition to be voted on at a town meeting is abrogated as to this statute. The town clerk has no information upon which to base his notice, except the petition filed in his office. Certainly, he would not be required to give notice relying upon common knowledge or incidental rumor

acquired by him. This proposition as to notice is a very wholesome one. If the petition must only be filed with the county clerk, one-tenth of the electors can quietly cause their petition to be filed, and the great body of the electors be ignorant that the liquor question is to be submitted to vote. Our scheme of government designs that the fullest information be given to the electors of questions to be passed upon by them. It therefore seems reasonable to hold that the petition must be filed with the town clerk, and the notice prescribed by the town law must be given. This is no infraction of the ballot law. The construction simply gives effect to the other enactments which are cognate with that law, and must be construed in conjunction with it. Again this preserves the town meeting as an independent entity. That institution is of ancient origin, and interwoven closely with our system of government. In its very inception all matters affecting the town as a body were there passed upon, and that has always been one of its prominent features. The fact that it is blended with the general election does not destroy its identity.

Enactments passed subsequently to the election law have retained the town meeting, irrespective of its apparent absorption by the general election. Chapter 363, Laws 1898; chapter 594, Id. In no other statute is the town retained as a unit with greater precision than in the liquor tax law. With all its radical changes in the excise law, it preserved one principle intact, and that was local option. The right of the electors of the town to determine whether liquor should be sold within its boundaries had long been in force. That question had been an important one in the towns, and ordinarily was unfettered by any party allegiance, and whatever tinge of political element had before existed was eradicated by this law; for the vote was not for the individual, but upon the proposition presented in the four questions. We have therefore the liquor tax law at the time it was framed recognizing the town clerk charged with certain duties preliminary to the submission to the electors. That law was enacted, as I have stated, evidently to be construed in connection with the town law. Those two enactments make the filing of the petition with the town clerk a necessity, and the 10-days notice obligatory by that officer, the same as for any other local proposition to be submitted to the voters of the town, and there is nothing in the ballot law in any way repugnant to these requirements.

The history of the town meeting as an integral institution; its significance in all our excise legislation; the necessity of lodging the petition with the town clerk to insure notice to the electors; the fact that this official was actually charged with the duty of filing the petition when the act was passed; and that the liquor tax law is to be construed in connection with the town law requiring notice to the electors,—are cogent reasons for confining the execution of this part of the law to that officer.

As suggested above, we determine on this appeal only two propositions: First, that the petition must be filed with the town clerk; second, that he must give notice of the vote on local option, as prescribed in the town law for propositions submitted to the electors

of the town. We do not decide what officer is charged with the duty of furnishing the ballots, nor upon what ballots these propositions shall be printed, when a town meeting is held concurrently with the general election, nor whether a copy of the petition shall be filed with the county clerk, or a notice of the filing be given to that officer by the town clerk. These questions may be important, but they are not before us for decision. The petition preliminary to the submission of these propositions was loosely drawn, and the manner of taking the acknowledgments by the notary showed like laxity. While we do not hold these defects necessarily render the petition insufficient, yet common prudence suggests a more circumspect compliance with the statute.

The order is reversed, and the peremptory writ of mandamus ordered direct to the board of inspectors and town canvassers of the town of Dayton, requiring them to reconvene, and reject all votes cast in said election districts upon the subject of local option. No costs are allowed, as the questions involved are novel. All concur.