Supreme Court, Cayuga Special Term, April, 1900. Unreported.

In the Matter of the Application of JOHN B. O'HARA for a Writ of Mandamus.

*Frank M. Leary,* for petitioner.

*Frank E. Cady* and *Robert L. Drummond,* for respondents.

NASH, J.: This is an application for a writ of mandamus requiring the election board which presided at the town election held in the town of Fleming, February 19th, 1900, to reconvene

and reject all ballots cast at the election upon the question of local option.

The fact that the town clerk did not post or publish notice of the election as required by law is admitted.

The petitioner relies upon the case of *Matter of Eggleston,* 51 App. Div. 38, in which it was held that prior to the amendment of the Liquor Tax Law in 1900, it was requisite that the notice required by the town law should be given. In the *Matter of Eggleston* the petition was directed to the town clerk and filed by him, but was thereafter taken by the county clerk and filed in his office, and no notice that the question would be voted upon at the town meeting was given. Two questions were determined by the court, as stated in the opinion: "First, that the petition must be filed with the town clerk; second, that he must give notice of the vote on local option as prescribed in the town law for propositions submitted to the electors of the town." Because of the failure to file the petition with the town clerk, and because of the failure to give the notice, a peremptory writ of mandamus was ordered, directed to the election officers, requiring them to reconvene and reject all votes cast at the election upon the question of local option.

Now, by the amendment of 1900, the Liquor Tax Law provides that the petition shall be filed with the town clerk, and that the town clerk shall give the notice. Both are expressly held in the Eggleston case to be jurisdictional, without which the election is invalid.

The Eggleston case arose under the Liquor Tax Law as it stood in 1899; it then provided, that, "If for any reason the four propositions provided to be submitted to the electors of a town shall not have been properly submitted" at the town meeting, they "shall be submitted at a special town meeting duly called." The amendment of 1900 provides that, if for any reason, "except for the failure to file any petition therefor," the four propositions shall not have been properly submitted, they shall be submitted at a special town meeting duly called. The only change being that there can not be a resubmission after an election, unless a petition was duly filed. In other words there can not be any submission of the question at a special town meeting unless the petition required by the statute has been filed. That seems to be the only significance of the amendment, and except as to that and the amendment of the Liquor Tax Law by which it is expressly

provided that the petition shall be filed with the clerk of the town, and the town clerk shall give the prescribed notice, the statute is in effect the same as when this precise question was before the court in the Eggleston case, which I must regard as controlling on this application.

An order may be entered directing that a peremptory writ of mandamus issue in accordance with the prayer of the petition, without costs, as the question under the present statute is new.