(59 App. Div. 346.)

### In re KRIEGER.

(Supreme Court, Appellate Division, Third Department. March 8, 1901.)

1. INTOXICATING LIQUORS—LOCAL OPTION—ELECTION—PETITION—FILING.

Under Laws 1896, c. 112, § 16, providing that the question of local option may be submitted to the electors at a town meeting on written petition signed by a certain number of the electors and filed 20 days before such town meeting with the officer who provides the ballots for such election, the filing of such petition with the town clerk is a condition precedent to the submission of the question.

2. SAME—RESUBMISSION—SPECIAL TOWN MEETING—ORDER.

Under Laws 1900, c. 367, providing that on petition of electors, filed with the town clerk, and an order of court therefor, a special town meeting may be held, at which the question of local option shall be submitted, if for any reason except the failure to file any petition therefor the question was not properly submitted at the regular town meeting, it was error to order a special town meeting for the resubmission of the question, the submission at the regular meeting having been invalid because the petition therefor had not been filed with the town clerk, though the regular meeting had been held before chapter 367 took effect, the application for the special meeting being made afterwards.

Appeal from special term, Greene county.

Application by Elmer Krieger for a special town meeting in the town of Prattsville for the purpose of resubmitting the question of local option and an order directing the county treasurer to cancel of record the statement of the result of a prior election. From an or-

der granting the application, the county treasurer appeals. Re-versed.

At a town meeting of the town of Prattsville held at the time of the general election on November 7, 1899, the four questions specified in section 16 of the liquor tax law (chapter 112, Laws 1896, amended by chapter 312, Laws 1897; chapter 167, Laws 1898; chapters 398, 434, Laws 1899) were submitted to the electors of the town. A petition, signed by the electors of the town to the number of 10 per centum of votes cast at the next preceding general election, requesting such submission, was filed in the office of the clerk of Greene county, but no petition for such submission was filed in the office of the town clerk of the town of Prattsville, nor did the clerk of said town give any notice of the proposed questions, and that a vote thereon would be taken by ballot at the town meeting, as required by section thirty-four of the town law (Laws 1890, c. 569). A majority of the votes cast on each of the four questions was in the negative. The whole number of ballots cast at said election was 230, of which 36 were blank on the first question, 98 blank on the second question, 101 blank on the third question, and 54 blank on the fourth question. On May 5, 1900, a petition signed and acknowledged by at least 10 per cent. of the electors who voted at the next preceding general election was filed in the town clerk's office of Prattsville, requesting the resubmission of the four questions to the electors of the town at a special town meeting thereafter to be held; and thereafter a motion, on notice, was made at a special term of this court for an order directing a special town meeting to be held for the purpose of resubmitting to the electors the said four questions, and for the cancellation of the certified copy of statement of result of the vote of November 8, 1899, filed in the office of the treasurer of Greene county. From the order granting such motion this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

P. W. Cullinan, for appellant.
Clarence E. Bloodgood, for respondent.

EDWARDS, J. The question presented on this appeal is whether the filing in the town clerk's office of the petition required by section 16 of the liquor tax law is indispensable to a submission of the four questions specified in that section to the electors of the town. This question has been answered in the affirmative in an able and exhaustive opinion of this court in the Fourth department. In re Eggleston, 51 App. Div. 38, 64 N. Y. Supp. 471. Section 16 of the liquor tax law requires the submission of the four questions therein specified to the electors of the town at the first town meeting occurring after March 23, 1896. This provision is clearly mandatory. That section further provides that:

"The same questions shall be again submitted in the same way at the town meeting held in every second year thereafter, provided the electors of the town to the number of ten per centum of votes cast at the next preceding general election shall, by written petition, signed and acknowledged by such electors before a notary public or other person authorized to take acknowledgments or administer oaths and filed twenty days before such town meeting with the officer charged with the duty of furnishing ballots for the election, request such submission."

This clearly makes the filing of the petition a condition precedent to the resubmission of those questions. It was evidently the intention of the statute that at the first town meeting held after the passage of the act the will of the qualified electors of each town should

be ascertained upon the four local option questions, and that in every second year thereafter an opportunity should be afforded for the expression of such will, provided the petition required by the statute had been duly filed. In the absence of such a petition, there can be no valid submission of these questions. The manifest purpose of the legislature in requiring the petition to be filed in the office of the clerk of the town was so that officer might give the notice required by section 34 of the town law to be given by him, and through such publicity a full expression of the will of the electors might be secured. The respondent claims that the result of the vote on these questions at the election on November 7, 1899, is indicative of the want of publicity which the statute was designed to give; but whether or not this claim is correct is not here material, as the submission of the questions without the filing of the petition is invalid, regardless of the result. But I am of opinion that the order appealed from was erroneously granted, for the reason that when the application therefor was made section 16 of the liquor tax law had been amended by chapter 367 of the Laws of 1900, which went into effect April 10, 1900. The provision of said section for a special town meeting is as follows:

"If for any reason, except the failure to file any petition therefor, the four propositions provided to be submitted herein to the electors of a town shall not have been properly submitted at such biennial town meeting, such propositions shall be submitted at a special town meeting duly called. But a special town meeting shall only be called upon filing with the town clerk the petition aforesaid, and an order of the supreme or county court, or a justice or judge thereof respectively, which shall be granted upon sufficient reason being shown therefor."

This was the only authority then existing for an order of the court directing a special town meeting to be held, and it will be observed that this case is within the exception of that provision. Here there was a failure to file a petition in the town clerk's office; and the filing, as herein held by us, in the county clerk's office was a nullity.

The order appealed from should therefore be reversed, with $10 costs and disbursements. All concur.