---

(63 App. Div. 512.)

### In re O'HARA.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

1. LOCAL OPTION—REJECTION OF BALLOTS—MANDAMUS.
   Mandamus will not lie to compel the inspectors of a local option election under Laws 1900, c. 367, § 16, to reconvene to reject all the ballots received by them for and against local option, because of the clerk's neglect to give notice that local option would be voted on, since the remedy for failure to properly submit the question was a resubmission at a specially called town meeting.

2. SAME—NOTICE OF ELECTION.
   Under Laws 1900, c. 367, § 16, providing for a local option election, and requiring the town clerk to give notice on the filing of a petition that local option would be voted on at a town meeting, failure to give such notice will invalidate the election.

Appeal from special term, Cayuga county.

Mandamus by John B. O'Hara against the board of inspectors of election of the town of Fleming. From an order granting the writ requiring them to reconvene and reject all ballots received by them for or against the four propositions provided for by the liquor tax law, and to certify such rejection, and file it with the town clerk, and requiring the latter to file such certificate in his office, to cancel the former certificate, to file certified copies of the new certificate in the office of the state commissioner of excise and of the county treasurer of Cayuga county, and also a statement showing the cancellation of the former certificate, the defendants appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and RUMSEY, JJ.

Frank E. Cady, for appellants.
Frank M. Leary, for respondent.

WILLIAMS, J. The order appealed from must be reversed, with
costs. The ground of the application for the writ was that the
town clerk did not comply with the statute by posting and publish-
ing notice that the four questions were to be voted upon at the
town election. There was no dispute as to the fact that there was
a failure to give such notice, but it is claimed (1) that the statu-
tory direction to give such notice was directory, and not mandatory,
and did not render the election upon this subject void; (2) that no
injury resulted from such failure, because all the electors were
present and voted, and the majority was large, and therefore the re-
sult should not be disturbed; (3) that mandamus is not the proper
remedy.

As to the remedy, we are of the opinion that the relief afforded
by this order was improper. Mandamus issues to compel the per-
formance of duties which should have been performed, but which
were neglected. When the several ballots on local option were
presented to the inspectors on election day, they were bound to
receive them. They were regular, legal ballots upon their faces,
and the inspectors had no legal right to reject them because of the
neglect of the town clerk to give the proper notice that local op-
tion would be voted upon at that election. The remedy for a failure
to properly submit the question at the town election was the re-
submission thereof at a special town meeting duly called (Laws
1900, c. 367, § 16), and, if the inspectors had no power to reject the
ballots on election day, the court had no power thereafter to com-
pel them to reconvene and reject them. This remedy was employed
in the Eggleston Case, cited below, but this question was not con-
sidered.

Upon the merits we think we are controlled by a case recently
decided in this court. In re Eggleston, 51 App. Div. 38, 64 N. Y.
Supp. 471. We determined in that case that the notice must be
given as required by the liquor tax law, in order to render the elec-
tion valid, and we must adhere to that rule here. That case was
decided under the law as it stood prior to the amendment of 1900,
while this case arose since such amendment. The changes, how-
ever, are immaterial upon the question here involved. The law as
it stood in 1899 provided for a resubmission if the first submission
was for any reason improper, while the amendment of 1900 provides
for a resubmission if the first submission was for any reason, except
failure to file the petition, improper; and the amendment of 1900
also cured an apparent defect in the old law by providing that the
petition should be filed with the town clerk, and he should give
the notice. We held in the Eggleston Case that under the law as
it existed in 1899 the petition should be so filed, and notice given.

We conclude, therefore, that the question of local option was not

properly submitted at the town election, but that the mandamus in question was not the proper remedy, and therefore the order granting the same should be reversed, with costs. All concur; RUMSEY, J., in a separate opinion.

RUMSEY, J. (concurring). This case was decided at the special term, where the order was granted upon the authority of In re Eggleston, 51 App. Div. 38, 64 N. Y. Supp. 471, decided by this department at the April term, 1900, where the same relief was granted with respect to another town. So far as that case construes the liquor tax law, it must be followed by this court; and I not only have no desire not to follow it, but I think it is right. But I do not see just where the court gets the power to require a town board to meet, and reject ballots. That question is not discussed or examined in the Eggleston Case, and it seems to me that it is a matter of so great importance that that case should not be followed without a careful examination of the question. It is undoubtedly the rule that a writ of mandamus should not be granted where the defendants have no authority to do the act their performance of which is sought to be compelled. People v. Supervisors of Greene Co., 12 Barb. 217. I am not aware of any authority granting to town boards, or to any other canvassing board, the right to reject ballots cast at an election, unless upon their face they appear to be void; and even in that case their action is subject to review by the courts. But where the ballots are regular in form, and have been properly cast, and are found in the ballot box, I am not aware of any authority in the town board to refuse to canvass them. It is none of their business whether the preliminaries to the question voted upon have been properly taken or not. If they find the ballots in the box, they are bound to count them if they are regular in form; and the question whether they are effectual to carry out the wishes of the electors is one to be decided by another authority than they. The duty of the canvassers under the town law is prescribed by section 37 of that law. It directs the canvassers to canvass the votes publicly, and before opening them they must be compared with the poll list, and the like proceedings shall be had as to ballots folded together and differing in number as are prescribed in the general election law. 1 Heydecker's Gen. Laws, p. 1414. Those proceedings are to be found in section 110, subd. 1, of the general election law. Id. p. 382. The requirements as to the canvass of the votes are found in section 111, p. 386, of the volume aforesaid. Nowhere are the canvassers given any authority to refuse to count any ballot, but they are required to count every one, and preserve them. Neither is any power to reject ballots given them by section 16 of the liquor tax law, which provides for the submission of these questions to the electors of the towns. It is manifest that any power given to the canvassers to reject ballots on their face correct on the ground merely that a required preliminary notice had not been given by the proper official would be exceedingly dangerous, and would put it in their power to absolutely control the right of suffrage. If the secretary of state should not issue

such instructions as might seem to a board of canvassers to be fit, they might refuse to count any of the ballots cast for governor of the state, and thus defeat the will of the voters. It is quite clear to my mind that any order of the court which recognizes such a right should be based upon some express provision of the statute, and no such power should be put into the hands of the canvassers of the votes of a town unless the statute requires it. For this reason, while I think the Eggleston Case is undoubtedly the law so far as it says that these questions were not properly submitted to the electors, and therefore that the town has failed to determine whether any certificates should be granted or not, yet I do not think that it is within the power of the court by mandamus to require the town board to meet, and reject these ballots. For these reasons I think that the Eggleston Case should not be followed in this respect, and for that reason alone the order should be reversed.