(Supreme Court, Special Term, Franklin County.　March, 1903.)

1. LOCAL OPTION ELECTION—NOTICE—SUFFICIENCY.

> That a town clerk failed to publish in the proper county newspaper, for five days before a town election, a notice that the local option questions would be submitted at such meeting to the electors, is not "a sufficient reason," within Liquor Tax Law, § 16 (Laws 1896, p. 57, c. 112, amended by Laws 1897, p. 216, c. 312), for setting aside the election and ordering a resubmission of the questions, where there is no evidence of any prejudice to any person by such neglect.

In the matter of the application of Joseph L. O'Hara for a special town meeting for a resubmission to the electors of the town of the local option questions.　Application denied.

Stokes & Owen, for application.

W. G. Van Loon, for excise department.

F. B. Wicks, for town of Willsborough.

KELLOGG, J.　This is an application by Joseph L. O'Hara—who has a druggist's license, expiring May 1st—supported by the petition of 41 qualified electors of the town of Willsborough, asking that the four propositions under the liquor tax law (Laws 1896, p. 45, c. 112, amended by Laws 1897, p. 207, c. 312) be resubmitted to the electors of said town, on the ground that at the election held March 3, 1903, the vote upon these questions was improperly had, for the reason that the town clerk did not publish in a county newspaper for five days before election a notice that said questions were to be submitted to the voters.　Under section 16 of the liquor tax law, if these propositions have not been properly submitted at any election, this court may direct such resubmission, "sufficient reason being shown therefor."　It is conceded that the petition was duly filed with the town clerk and the notices duly posted, and in fact the proof shows that instead of posting the notices in four public places in the town, as required by the liquor tax law, six such notices were posted. And the affidavit of the town clerk shows that there was no newspaper published in the town, and he did not know that it was necessary to publish such notice in a county paper.　It appears from the affidavits that at the last general election in said town 343 electors voted.　That at the biennial election in question the largest number of votes cast for any officer or any proposition was 348, and the largest number of ballots upon any excise proposition was 347, showing that every elector, except one, who voted upon any question, voted upon some of these propositions.　The evidence shows a thorough house to house canvass of the town by those favoring and opposing license; that all the clergymen of the town preached upon the subject from the pulpits; that different meetings were held in the town, and the matter was frequently referred to in the news items in the county papers; and that the approaching ballot was a subject of general conversation, remark, and agitation in the town for several weeks before the town meeting.　It appears that at the town meeting in 1898 the largest number of votes cast for any town officer

was 288. At the town meeting in 1899 the largest number of votes for any town officer was 223, and at the biennial meeting in 1901 the greatest number of votes was 392. In 1897 the total vote upon the local option question was 261; in 1899, 207; and in 1901, 293. The affidavits do not tend to show that any citizen of the town who might have desired to vote upon either of these propositions failed to do so because of want of notice of the fact that such vote was to be taken. At this biennial election the majorities against the propositions were on the first 82, the second 20, the third 2, the fourth 16. Undoubtedly the knowledge acquired by the voters of the town that these propositions were to be submitted was much more general than could have arisen from the mere posting and the publication of the notices as required by law, and a full and fair expression of the people of the town unquestionably has been had. Was the publishing of this notice in a county paper for five days jurisdictional, and therefore a condition precedent to the holding of a valid election? If it were conceded that every elector of the town had in fact notice of the election, or in fact voted at the election, would the failure to publish in the county paper render the election absolutely void? Must this court, upon the petition of a party who, concededly, was an active participant in the election, and who raised no question as to its validity until after he was defeated at the polls, set aside this election upon a mere technicality? The applicant bases this motion upon a petition, executed by 41 electors, which is intended to be filed with the order of the court for a resubmission of the question, if such order is granted. But the affidavits of 14 of these petitioners are read saying they do not desire such resubmission, and do not want to contest the legality of the election upon the excise propositions.

It would seem that two questions are before the court: First. Does this defect make the election absolutely void? Second. The first submission not being properly made, is that "sufficient reason shown" why this court must order a new election, when it is evident that all the voters of the town substantially had notice of the election, most of them voted, and it is probable that as full and free an expression would not be had at a new election as has already been had? We answer both of these questions in the negative. It seems that, if the matter rests at all in the discretion of the court as to whether a new election should be ordered, such discretion should be exercised against the application. It is not in the interest of the town that it should again be burdened with the expense of another election, or that it should again be agitated by this question, which has apparently been fairly settled. There is no case which is a controlling authority upon the question first suggested, whether this election is absolutely void by reason of the failure to publish the notice for five days in the county paper.

In Matter of O'Hara, 63 App. Div. 512, 71 N. Y. Supp. 613, the only question before the court was whether a mandamus was the proper proceeding if the election was invalid. It is therefore no authority here. In Matter of Eggleston, 51 App. Div. 38, 64 N. Y. Supp. 471, the petition, immediately upon being filed with the town clerk, was removed and filed with the county clerk, and no notices

whatever were published or posted. The opinion states that only two questions are before the court: First. Whether the petition should be filed with the town clerk. Second. Must notice be given? It held affirmatively upon both these questions, that although neither the liquor tax law (Laws 1896, p. 45, c. 112, amended by Laws 1897, p. 207, c. 312) nor the town law (Laws 1890, p. 1211, c. 569) mentioned the giving of notice, still that under the general law such notice was necessary. In People ex rel. Crane v. Chandler, 41 App. Div. 178, 58 N. Y. Supp. 794, where the notice was given by the town clerk only four days before the town meeting, but it appeared that the electors were fully informed that the propositions were to be submitted, the election was sustained, the court citing People ex rel. Hirsh v. Wood, 148 N. Y. 142, 42 N. E. 536, holding that the spirit and not the strict letter of the law was to be observed. In that case the Appellate Division comes nearer passing upon the questions in this case than does any other decision to which our attention has been called.

At Special Term the decisions are conflicting and varied. In Matter of Powers, 34 Misc. Rep. 636, 70 N. Y. Supp. 590, where there was neither publication nor posting, it was held that the election was void. It does not appear just how general notice was given in that case. In Matter of Rowley, 34 Misc. Rep. 662, 70 N. Y. Supp. 208, there was no publication or posting by the town clerk, but various meetings were held, sample ballots mailed to every voter, and a large vote had. The court refused to resubmit the questions. In Matter of Sullivan, 34 Misc. Rep. 598, 70 N. Y. Supp. 374, there was no official notice or publication. Notices were mailed to every elector, but they were addressed to the voters of the town of Peterborough, referring to the election there, and not to ·the town of Moreau in question. A resubmission was ordered. In Matter of France, 36 Misc. Rep. 693, 74 N. Y. Supp. 379, there was no publication, notices were posted for only five days, but the vote equaled that at the last presidential election, and nearly all the electors voted. A resubmission was denied.

It seems, therefore, that this court is at liberty and required to make its own decision, treating. this as a question that has not been decisively settled by the courts. It does not seem that an election should be declared void because a ministerial officer has neglected to perform a duty as to publishing a notice, when it is beyond question that the failure to perform that duty has not prejudiced any one or any cause. Section 16 of the liquor tax law provides that in order to ascertain the will of the electors of the town the petition must be filed with the town clerk. The filing of this petition is a condition precedent to a valid election, and, upon its being filed, the electors of the town have the legal right to vote upon the propositions, and the error of a town officer cannot defeat such right. That the statute makes the filing of the petition the condition precedent, and the only one, appears from the subsequent provisions of that section, which allow a resubmission where the first one is improper, for any reason except the filing of the petition. In order that the vote may be full and fair, certain duties are imposed upon the town clerk of giving notice, and these duties are directory rather than mandatory, and I

think the provisions of section 16 as to a resubmission show clearly that such was the intention of the Legislature. It provides that if, for any reason, except the want of petition, the questions have not been properly submitted, they shall be resubmitted, but only after the court or a judge, upon due notice, determines that sufficient reason has been shown for such resubmission. I construe this provision as meaning that, if a submission is improperly had, there shall be a resubmission, if the court determines that there is sufficient reason therefor. "It is a familiar rule that a construction of a statute is to be avoided which is liable to produce a public mischief or to promote injustice. Language, however strong, must yield to what appears to be the intention, and that is to be found, not in the words of the particular section alone, but by comparing it with other parts or provisions of the general scheme of which it is a part." Hayden v. Pierce, 144 N. Y. 512, 516, 39 N. E. 638, 639.

"Must" or "shall" in a statute is not always imperative, but may be consistent with an exercise of discretion. Matter of Thurber's Estate, 162 N. Y. 244, 252, 56 N. E. 631. The court is not called upon to act in any case except where there has been an improper submission, and there it "may," sufficient reason being shown, order a resubmission. Clearly the statute might have provided that, in case of an improper submission, the court must order a resubmission. But it does not say so. It says the court "may" order a resubmission where the first submission was improperly made and the court finds there is sufficient reason for a resubmission. It does not therefore follow that every improper submission (except the want of a petition) requires the court to grant this order for a resubmission. The theory of popular government is the rule of the majority, and the law wisely provides that notice must be given of elections and submission of questions to the electors, so that all may have a fair voice. In any case where the statutory notices are not given, the election is irregular, and should be set aside, unless it fairly appears that no injury arose from such irregularity. But, where an actual notice was in fact given to all electors, they cannot be prejudiced from the fact that the formal legal notice was not given. It ought to be sufficient to assume prima facie that an irregularity in giving notice is prejudicial and makes a proper cause for a resubmission; but when it affirmatively appears that the public has not suffered by such irregularity, and that full notice was in fact given, the end designed to be accomplished by the statutory notice is reached, and a court vested with discretion will not follow the strict letter of the law in utter disregard of its spirit and intent, and for a technicality sacrifice the substance. We have seen that the court is vested with discretion, and is called upon to determine in each particular case under this section whether sufficient reason for resubmission has been shown. We find no such reason in this case, and the motion is therefore denied, with $10 costs.

Motion denied, with $10 costs.