Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frederick B. Reid and another against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

William E. Weaver, for appellant.

Hugo J. Stelzner, for respondents.

GREENBAUM, J. Without considering other points presented on this appeal, I am of opinion that the judgment must be reversed for substantial errors committed in the reception of evidence, under objection of defendant's counsel, touching the question of damages.

The action was for damages arising out of the injury sustained by plaintiff's horse as a result of a collision between defendant's car and the plaintiff's wagon due to the alleged negligence of defendant. Plaintiff was permitted to testify, without stating any facts, obvious or otherwise, that the horse could not be used after the accident for the same purpose that he had been used before. In other words, the opinion of the witness was accepted in lieu of facts and circumstances from which the court might determine what in fact the condition of the horse was before and after the accident, and his ability to do the work for which he was employed by the plaintiff.

Serious error was also committed in permitting a stableman, not even shown to be an expert on values, to testify that before the accident the horse was worth "about two hundred dollars," and after the accident "I would not give fifty dollars for him." It was of no consequence what the witness would give for the horse, but what its reasonable value was.

There were also errors committed in permitting the plaintiff to testify what the amount of the repairs was, without showing their necessity or their reasonable value. Under the objection of defendant's counsel to this line of inquiry, the court stated, "I don't see that it is proper, but I shall allow it." The testimony was certainly not proper, and should not have been allowed.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.

---

## In re ELECTORS OF TOWN OF LA FAYETTE.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1905.)

1. INTOXICATING LIQUORS—LOCAL OPTION—SUBMISSION OF QUESTIONS—NOTICE
—PUBLICATION.

    Liquor Tax Law (Laws 1896, p. 57, c. 112) § 16, providing for the submission of liquor tax questions, declares that the town clerk, at least 10 days before the town meeting or general election at which the questions are to be submitted, shall cause to be printed and posted in at least four

public places in the town a notice of such fact, and, at least five days before the vote is to be taken, published once in a newspaper published in the county in which the town is situated, which shall be in a newspaper published in the town, if there be one. *Held*, that a failure to publish the notice as provided rendered the submission illegal.

2. SAME—RESUBMISSION—GROUNDS.

Liquor Tax Law (Laws 1896, p. 57, c. 112) § 16, with reference to submission of local option questions, provides that if, for any reason, except the failure to file a petition therefor, the propositions to be submitted shall not have been properly submitted at a biennial town meeting, such propositions shall be submitted at a special town meeting, duly called, on the filing of a petition and an order of the Supreme or County Court, or a justice or judge thereof, based on sufficient reasons. *Held*, that the reason to be shown to the justice is the same reason which rendered the original submission improper.

3. SAME—SPECIAL ELECTION.

Such resubmission must be had to a special town meeting duly called for that purpose, and not to a subsequent general election.

Appeal from Special Term, Onondaga County.

Application for resubmission of local option questions to the electors of the town of La Fayette under the liquor tax law. From an order (91 N. Y. Supp. 970, 45 Misc. Rep. 141) denying the application, petitioners appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

James T. Knapp, for appellants.
Royal R. Scott, for respondent.

WILLIAMS, J. The order should be affirmed, with $10 costs and disbursements.

The questions were submitted at a town meeting held at the same time as the general election, November 6, 1903, under section 16 of the liquor tax law, relating to local option (Laws 1896, p. 57, c. 112, as amended several subsequent years, but finally by chapter 640, p. 1535, Laws 1901, to read as it existed when the questions were submitted as above stated). There was, however, a failure to comply with the provision of such section requiring a notice of the fact that such question would be voted on at such town meeting or general election to be published at least five days before the vote was to be taken, once in a newspaper published in the county and in the town, if there was one. By reason of this failure to comply with the law, it was and is claimed the questions were not properly submitted in November, 1903, and the resubmission in question was applied for. The application was not made until September, 1904. The notice was served September 13th for a hearing September 24th, and the request was for resubmission at the general election November 8, 1904. The order states no ground for denying the application, but the county judge, in an opinion, gives his reasons therefor. While we are inclined to affirm the order and the conclusion thus arrived at by the county judge, we do not agree with him in all the reasons assigned by him therefor.

The provision of section 16 with reference to notice of the submission of these questions at a town meeting or general election is very definite, viz.:

"The town clerk shall  *  *  *  at least ten days before the holding of such town meeting or general election, cause to be printed and posted in at least four public places in such town a notice of the fact that all the local option questions provided for herein will be voted on at such town meeting or general election; and the notice shall also be published, at least five days before the vote is to be taken once in one newspaper published in the county in which such town is situate, which shall be in a newspaper published in the town if there be one."

A failure to comply with these provisions ought to render the submission illegal and improper. If there may be an omission to publish the notice, and yet the submission be upheld as a compliance with the law, then why may not the posting of the notice be also omitted, without rendering the submission illegal and improper? The public and the liquor dealer alike have a great interest in the question of local option. Upon the vote with reference to the questions submitted depends the right for two years to have certificates for the sale of liquors in the town, or the right to prohibit the sale of liquors in the town. We do not think the courts should assume to dispense with the necessity of complying with the provision both for posting and publishing the notice, in order to render the submission valid and proper.

Now, coming to the provision in section 16 for the resubmission, the language is, viz.:

"If, for any reason except the failure to file any petition therefor, the four propositions provided to be submitted herein to the electors of a town, shall not have been properly submitted at such biennial town meeting, such propositions shall be submitted at a special town meeting duly called. But a special town meeting shall only be called upon filing with the town clerk the petition aforesaid, and an order of the Supreme or County Court, or a justice or judge thereof, respectively, which may be granted upon eight days' notice to the State Commissioner of Excise, sufficient reason being shown therefor."

It will be seen that the provision is that a new submission may be had if the original submission was improper for any reason except failure to file petition. But sufficient reason must be shown to the court or judge in order to procure the order for the resubmission.

It seems to us, the true meaning of the language is that the reason to be shown the judge is the same reason why the original submission was improper, and in this case such reason is that the notice was not published in the newspaper.

It is said, however, that a different construction has been given to the section by this court, to wit, that the reason to be shown the court or judge for the resubmission must be something more than a failure to give notice as provided by the section. It must appear that there was not a reasonably full vote on the question, and that, if there had been, the result would have been different.

People ex rel. Crane v. Chandler, 41 App. Div. 178, 58 N. Y. Supp. 794, was an appeal from an order of the Special Term of the Supreme Court denying a motion for a peremptory writ of mandamus

to compel the town clerk to call a special town meeting for the purpose of voting on liquor tax questions. That controversy arose in the early part of 1899. The petition for submission originally was filed January 12th. The town meeting was held February 21st. Section 16 of the liquor tax law then required no notice whatever that the questions would be voted on at the town meeting. See amendment, chapter 312, p. 216, Laws 1897. But section 34 of the town law (chapter 569, p. 1217, Laws 1890), provided that:

"No proposition or other matter than the election of officers shall be voted upon by ballot at any town meeting unless the town officers, or other persons entitled to demand a vote of the electors of the town thereon, shall at least twenty days before the town meeting file with the town clerk a written application plainly stating the question they desire to have voted upon, and requesting a vote thereon, at such town meeting. * * * The town clerk shall, at the expense of his town give at least ten days' notice, posted, conspicuously in at least four of the most public places in town of any such proposed question, and that a vote will be taken by ballot at the town meeting mentioned."

The town clerk posted the notice only four days before the town meeting, instead of ten days before the town meeting; and the relator claimed that, by reason of the failure to give the full ten days' notice, the questions were not properly submitted to the town meeting. On the 21st of April the relator served motion papers for an order for a peremptory mandamus requiring the town clerk to call a special town meeting for the resubmission of the questions. The application was heard April 29th. The Legislature, by chapter 398, p. 855, of the Laws of 1899, amended section 16 of the liquor tax law again, to take effect April 22d. Prior to that amendment the section provided for a resubmission at a special town meeting, but made no provision for an order directing the clerk to call the special town meeting. If the town clerk refused to make the call in a proper case, mandamus was very likely a proper remedy to apply. But by the amendment of 1899 the clause was inserted providing that the special town meeting should only be called upon the order of the Supreme or County Court, or justice or judge thereof, upon sufficient reasons being shown therefor. This provision was in force when the application for the mandamus was heard at Special Term. It is very clear that the town clerk then had no power or right to call the special town meeting, no order having been made by the court or a judge thereof. The application therefore was denied, as a matter of course, without the necessity of considering the merits at all, and this court for the same reason had no other course but to affirm the order appealed from. The court did, however, go beyond this point, and in its opinion make some suggestions as to the merits, viz.:

"The affidavit seems to disclose facts indicating that the electors of the town had notice of the intention to submit the questions; that they acted upon such notice, and expressed their will in the mode prescribed by the statute; and we have found no informalities sufficient to warrant us in saying that the conclusion reached by the electors was not efficient. * * * We think the electors of the town of Moravia expressed their will in respect to the questions submitted to them, and that it cannot be said that the election was irregular or inefficient."

These suggestions and this view were unnecessary to a full determination of the appeal, but they have been followed by Special Term justices, and have led to some determinations which were not in harmony with the two cases subsequently decided by this court.

Matter of Eggleston, 51 App. Div. 38, 64 N. Y. Supp. 471, was an appeal from an order denying an application for a peremptory mandamus requiring the inspectors of the town meeting to reconvene and reject all ballots on local option because the petition required by the liquor tax law was not filed with the town clerk, and no notices of the voting on such subjects were posted by such officer as required by the town law (section 34). The provision as to notice was first inserted in section 16 of the liquor tax law by the amendment in 1900 (chapter 367, p. 853), and this case related to the town meeting in 1899. There was no question raised in this case but that mandamus was a proper remedy, if the questions had had not been properly submitted. The only questions discussed and determined were that the petition must be filed with the town clerk; and the notice given by him as required by section 34, Town Law; and, because of a failure to do these things, the submission of the questions was held improper and invalid. The attention of the court apparently was not called to its former decision in People ex rel. Crane v. Chandler, above. Matter of O'Hara, 63 App. Div. 512, 71 N. Y. Supp. 613, was an appeal from an order granting a peremptory mandamus requiring the inspectors of the town meeting to reconvene and reject all ballots on local option because the town clerk did not comply with the statute by posting and publishing the notices then required by section 16 of the liquor tax law. This case related to a town meeting held in February, 1901, after the amendment of 1900, hereinbefore referred to, went into effect. The facts were not disputed, but it was claimed (1) that the statutory direction was directory, merely, and not mandatory, and did not render the submission invalid; (2) that no injury resulted from such failure of notice, and therefore the result should not be disturbed; (3) mandamus was not a proper remedy. The court held mandamus was not the proper remedy, and that a resubmission should have been had under the provisions of section 16 of the liquor tax law, and followed the Matter of Eggleston as to the failure to give the notices, and the effect thereof.

There have been more or less decisions at Special Term which are reported, some following the suggestions in the first case decided by this court, and others the two later cases. The county judge in this case disregarded all these cases in his own department, Appellate Division, and based his conclusion on this subject upon a Special Term decision in Franklin county. Matter of O'Hara, 40 Misc. Rep. 355, 82 N. Y. Supp. 293. We adhere to the law as held by us in the two later decisions referred to, not regarding the suggestions in the former case as binding upon us. We think this the better doctrine, and do not think any injustice can result therefrom, because, although the result of the submission had is set aside, provision is made for a speedy resubmission of the

question at a special town meeting, which may be held soon, and where it alone will be considered and voted upon. It is not a question of disfranchising voters by reason of the neglect of duty of the town clerk, and we think it a dangerous rule to lay down that the town clerk may neglect to give the notice required by the plain and express terms of the statute, and then the submission be upheld, in the discretion of the court, upon affidavits tending to show that really no harm or wrong was done. The result would not be likely to be changed by a resubmission. The rights of the parties on the one side, the people, and on the other the liquor dealers, should not be made dependent on the discretionary determination of a court upon affidavits, when the statute has provided for a determination of such rights by ballot.

We have considered this question at considerable length because of the conflict in the Special Term decisions, and the apparent conflict of the three decisions by our own court. Until our views herein expressed are considered by the Court of Appeals, and a different rule held, we shall adhere to the law as herein laid down.

The application in this case was for an order directing a resubmission of the questions to a regular town meeting or election to be held November 8, 1904. There is no authority in law for such a resubmission. It must be made, if at all, at a special town meeting to be called as provided for in section 16 of the liquor tax law. The theory of the law appears to be that if the resubmission is to be ordered at all, thus disturbing the result of the first submission, it shall be done promptly, and shall not await the holding of another regular town meeting a year hence. The statute does not limit the time within which the application for the order may be made, but the order can only direct the resubmission at a special town meeting. In this case, the submission having been originally had about the 1st of November, 1903, the application was not made until nearly 11 months thereafter. If the special town meeting had been promptly had, the result thereof would have gone into effect May 1, 1904. A special election, if held subsequent to May 1, 1904, would not produce its result until May 1, 1905. We undoubtedly have the power now to order the special election, disregarding the form of the application; but, if we were to do so, the same could hardly be held so as to produce any effect upon existing conditions until May 1, 1906, and the parties can, upon filing the proper petition, procure a submission of the questions at the general town meeting in November, 1905, under the statute, and without any order of the court, and have the effect of such submission May 1, 1906. Under these circumstances, we are not inclined to consider the application as one for a resubmission at a special town meeting, and make the order therefor ourselves, and we think the county judge was justified in denying the application when it was made to him.

Our conclusion is that the order should be affirmed, with $10 costs and disbursements. All concur, except STOVER, J., who concurs in the result only.