In the Matter of the Application for Resubmission to the Electors of the TOWN OF LA FAYETTE of the Question of Local Option under the Liquor Tax Law.

W. J. ROWE and Others, Petitioners, Appellants; PATRICK W. CULLINAN, as State Commissioner of Excise, Respondent.

*Local option questions — a failure to give notice of the submission is a sufficient reason for ordering a resubmission — no additional reason need be shown — the resubmission must be at a special meeting, not at the general election — application therefor denied when an original submission could be made at as early a date under a new petition.*

A failure, when submitting the local option questions at a town meeting, pursuant to section 16 of the Liquor Tax Law (Laws of 1896, chap. 112, as amd. by Laws of 1901, chap. 640), to comply with the provisions of such section requiring a notice of the fact that such questions would be voted on at the town meeting to be published in a newspaper at least five days before the town meeting, renders the submission illegal and improper, and constitutes sufficient reason for the granting of an order directing a resubmission of the questions to the electors of the town.

The provisions of said section 16, which directs, "*If*, for any reason except the failure to file any petition therefor, the four propositions provided to be submitted herein to the electors of a town shall not have been properly submitted at such biennial town meeting, such propositions shall be submitted at a special town meeting duly called. *But* a special town meeting shall only be called upon filing with the town clerk the petition aforesaid and an order of the Supreme or County Court or a justice or judge thereof, respectively, which may be granted upon eight days' notice to the State Commissioner of Excise, sufficient reason being shown therefor," mean that the reason to be

shown the court or judge, as a basis for the order directing the resubmission, shall be the same reason which rendered the original submission invalid.

It is not necessary to show, in addition thereto, that there was not a reasonably full vote cast at the original submission and that if there had been the result would have been different.

No authority exists for the resubmission of the local option questions to a regular town meeting to be held at the same time as the general election. The resubmission, if directed, must be at a special town meeting as provided for by section 16 of the Liquor Tax Law.

An application for the resubmission of the local option questions to the electors of a town, made eleven months after the original submission, upon the ground that such submission was invalid, is properly denied, where the granting of the application would not result in giving the applicant any speedier relief than could be obtained under the statute, without any order of the court, by filing a petition for another original submission.

APPEAL by the petitioners, W. J. Rowe and others, from an order of the county judge of Onondaga county, entered in the office of the clerk of the county of Onondaga on the 8th day of October, 1904, denying the petitioners' application for a resubmission of local option questions under the Liquor Tax Law to the electors of the town of La Fayette, Onondaga county.

*James T. Knapp*, for the appellants.

*Royal R. Scott* and *William E. Schenck*, for the respondent.

WILLIAMS, J.:

The order should be affirmed, with ten dollars costs and disbursements.

The questions were submitted at a town meeting held at the same time as the general election, November 3, 1903, under section 16 of the Liquor Tax Law relating to local option (Laws of 1896, chap. 112, as amd. several subsequent years, but finally by Laws of 1901, chap. 640, to read as it existed when the questions were submitted as above stated). There was, however, a failure to comply with the provision of such section requiring a notice of the fact that such questions would be voted on at such town meeting or general election to be published, at least five days before the vote was to be taken, once in a newspaper published in the county in which the town is situate, which shall be a newspaper published in the town if there be one. By reason of this failure to comply

with the law, it was and is claimed the questions were not properly submitted in November, 1903, and the resubmission in question was applied for. The application was not made until September, 1904; the notice was served September thirteenth for a hearing September twenty-fourth, and the request was for resubmission at the general election November 8, 1904. The order states no ground for denying the application, but the county judge in an opinion gives his reasons therefor. While we are inclined to affirm the order and the conclusion thus arrived at by the county judge, we do not agree with him in all the reasons assigned by him therefor.

The provision of section 16 of the Liquor Tax Law (as amd. *supra*) with reference to notice of the submission of these questions at a town meeting or general election are very definite, viz.: "The town clerk shall * * * at least ten days before the holding of such town meeting or general election, cause to be printed and posted in at least four public places in such town a notice of the fact that all of the local option questions provided for herein will be voted on at such town meeting or general election; and the said notice shall also be published, at least five days before the vote is to be taken, once in one newspaper published in the county in which such town is situate, which shall be a newspaper published in the town if there be one." A failure to comply with these provisions ought to render the submission illegal and improper. If there may be an omission to publish the notice, and yet the submission be upheld as a compliance with the law, then why may not the *posting* of the notice be also omitted without rendering the submission illegal and improper? The public and the liquor dealer alike have a great interest in the question of local option. Upon the vote with reference to the questions submitted depends the right for two years to have certificates for the sale of liquors in the town or the right to prohibit the sale of liquors in the town.

We do not think the courts should assume to dispense with the necessity of complying with the provision both for posting and publishing the notice in order to render the submission valid and proper.

Now, coming to the provision in said section 16 for the resubmission, the language is, viz.: "*If*, for any reason except the failure to file any petition therefor, the four propositions provided to be submitted herein to the electors of a town shall not have been properly sub-

mitted at such biennial town meeting, such propositions shall be submitted at a special town meeting duly called. *But* a special town meeting shall only be called upon filing with the town clerk the petition aforesaid and an order of the Supreme or County Court or a justice or judge thereof, respectively, which may be granted upon eight days' notice to the State Commissioner of Excise, sufficient reason being shown therefor." It will be seen that the provision is that a new submission may be had if the original submission was improper for any reason except failure to file petition. *But sufficient reason* must be shown to the court or judge in order to procure the order for the resubmission.

It seems to us the true meaning of the language is that the *reason* to be shown the court or judge is the same *reason* why the original submission was improper, and in this case such *reason* is that the notice was not published in the newspaper.

It is said, however, that a different construction has been given to the section by this court, to wit, that the *reason* to be shown the court or judge for the resubmission must be something more than a failure to give notice as provided by the section ; that it must appear that there was not a reasonably full vote on the question, and that, if there had been, the result would have been different.

*People ex rel. Crane* v. *Chandler* (41 App. Div. 178) was an appeal from an order of the Special Term of the Supreme Court denying a motion for a peremptory writ of mandamus to compel the town clerk to call a special town meeting for the purpose of voting on liquor tax questions. That controversy arose in the early part of 1899. The petition for submission originally was filed January twelfth. The town meeting was held February twenty-first. Section 16 of the Liquor Tax Law then required no notice whatever that the questions would be voted on at the town meeting (See amendment Laws of 1897, chap. 312), but section 32 of the Town Law (Laws of 1890, chap. 569, § 34, as renumbered by Laws of 1897, chap. 481) provided as follows : " No proposition or other matter than the election of officers shall be voted upon by ballot at any town meeting unless the town officers or other persons entitled to demand a vote of the electors of the town thereon shall, at least twenty days before the town meeting, file with the town clerk a written application, plainly stating the ques-

tion they desire to have voted upon, and requesting a vote thereon at such town meeting. * * * The town clerk shall, at the expense of his town, give at least ten days' notice, posted conspicuously in at least four of the most public places in town, of any such proposed question, and that a vote will be taken by ballot at the town meeting mentioned." The town clerk posted the notice only four days before the town meeting instead of ten days before the town meeting, and the relator claimed that by reason of the failure to give the full ten days' notice the questions were not properly submitted to the town meeting. On the twenty-first of April the relator served motion papers for an order for a peremptory mandamus requiring the town clerk to call a special town meeting for the resubmission of the questions. The application was heard April twenty-ninth. The Legislature by chapter 398 of the Laws of 1899 amended section 16 of the Liquor Tax Law again to take effect April twenty-first. Prior to that amendment the section provided for a resubmission at a special town meeting, but made no provision for an order directing the clerk to call the special town meeting. If the town clerk refused to make the call in a proper case mandamus was very likely a proper remedy to apply. But by the amendment of 1899 the clause was inserted providing that the special town meeting should only be called upon the filing of the necessary petition and upon the order of the Supreme or County Court or a justice or judge thereof, upon sufficient reason being shown therefor. This provision was in force when the application for the mandamus was heard at Special Term. It is very clear that the town clerk then had no power or right to call the special town meeting, no order having been made by the court or a judge thereof. The application, therefore, was denied, as a matter of course, without the necessity of considering the merits at all, and this court for the same reason had no other course but to affirm the order appealed from.

The court *did*, however, go beyond this point, and in its opinion make some suggestions as to the merits, viz. : " The affidavit seems to disclose facts indicating that the electors of the town had notice of the intention to submit the questions and that they acted upon such notice, and expressed their will in the mode prescribed by statute, and we have found no informalities sufficient to warrant us

in saying that the conclusion reached by the electors was not effi-
cient.   *   *   *   We think the electors of the town of Moravia
expressed their will in respect to the questions submitted to them
and that it cannot be said that the election was irregular or
inefficient."

These suggestions and this view were unnecessary to a full deter-
mination of the appeal, but they have been followed by Special
Term justices and have led to some determinations which were not
in harmony with the two cases subsequently decided by this court.

*Matter of Eggleston* (51 App. Div. 38) was an appeal from an
order denying an application for a peremptory mandamus requiring
the inspectors of the town meeting to reconvene and reject all bal-
lots on local option, because the petition required by the Liquor
Tax Law (§ 16, as amd. by Laws of 1899, chap. 398) was not filed
with the town clerk, and no notices of the voting on such sub-
ject were posted by such officer as required by the Town Law
(*supra*, § 32). (The provision as to notice was first inserted in
section 16 of the Liquor Tax Law by the amendment in 1900
[Chap. 367], and that case related to the town meeting in 1899.)
There was no question raised in that case but that mandamus was a
proper remedy, if the questions had not been properly submitted.
The only questions discussed and determined were that the petition
must be filed with the town clerk and the notice given by him as
required by section 32 of the Town Law (*supra*), and because of a
failure to do these things the submission of the questions was held
improper and invalid.   The attention of the court, apparently, was
not called to its former decision in *People ex rel. Crane* v. *Chandler*
(*supra*).

*Matter of O'Hara* (63 App. Div. 512) was an appeal from an
order granting a peremptory mandamus requiring the inspectors
of the town meeting to reconvene and reject all ballots on local
option because the town clerk did not comply with the statute
by posting and publishing the notices then required by section 16
of the Liquor Tax Law.   (That case related to a town meeting held
in February, 1901, after the amendment of 1900, hereinbefore
referred to, went into effect.)

The facts were not disputed, but it was claimed: *First.* That the
statutory direction was directory merely and not mandatory, and

did not render the submission invalid. *Second.* That no injury resulted from such failure of notice, and, therefore, the result should not be disturbed. *Third.* Mandamus was not a proper remedy.

The court held that mandamus was not the proper remedy; that a resubmission should have been had under the provisions of section 16 of the Liquor Tax Law (as amd. by Laws of 1900, chap. 367), and followed *Matter of Eggleston (supra)* as to the failure to give the notices and the effect thereof.

There have been more or less decisions at Special Term which are reported, some following the suggestions in the first case decided by this court, and others the two later cases.

The county judge in this case disregarded all these cases in his own department of the Appellate Division, and based his conclusion on this subject upon a Special Term decision in Franklin county. (*Matter of O'Hara,* 40 Misc. Rep. 355.)

We adhere to the law as held by us in the two later decisions referred to, not regarding the suggestions in the former case as binding upon us. We think this the better doctrine, and do not think any injustice can result therefrom, because, although the result of the submission had is set aside, provision is made for a speedy resubmission of the question at a special town meeting, which may be held soon, and where it alone will be considered and voted upon. It is not a question of disfranchising voters by reason of the neglect of duty of the town clerk, and we think it a dangerous rule to lay down that the town clerk may neglect to give the notice required by the plain and express terms of the statute, and then the submission be upheld in the discretion of the court upon affidavits tending to show that really no harm or wrong was done and that the result would not be likely to be changed by a resubmission. The rights of the parties, on the one side the people, on the other the liquor dealers, should not be made dependent on the discretionary determination of a court upon affidavits, when the statute has provided for a determination of such rights by ballot.

We have considered this question at considerable length, because of the conflict in the Special Term decisions and the apparent conflict of the three decisions by our own court. Until our views herein expressed are considered by the Court of Appeals and a different rule held we shall adhere to the law as herein laid down.

The application in this case was for an order directing a resubmission of the questions to a regular town meeting or election to be held November 8, 1904. There is no authority in law for such a resubmission. It must be made, if at all, at a special town meeting to be called as provided for in section 16 of the Liquor Tax Law (as amd. by Laws of 1901, chap. 640).

The theory of the law appears to be that if the resubmission is to be ordered at all, thus disturbing the result of the first submission, it shall be done promptly and shall not await the holding of another regular town meeting a year hence. The statute does not limit the time within which the application for the order may be made, but the order can only direct the resubmission at a special town meeting. In this case, the submission having been originally had about the 1st of November, 1903, the application was not made until nearly eleven months thereafter. If the special town meeting had been promptly had, the result thereof would have gone into effect May 1, 1904. (Liquor Tax Law, § 16, as amd. by Laws of 1901, chap. 640.) A special election if held subsequent to May 1, 1904, would not produce its result until May 1, 1905. (Id.)

We undoubtedly have the power now to order the special election, disregarding the form of the application, but if we were to do so the same could hardly be held so as to produce any effect upon existing conditions until May 1, 1906, and the parties can upon filing the proper petition procure a submission of the questions at the general town meeting in November, 1905, under section, 16 of the Liquor Tax Law (as amd. by Laws of 1901, chap. 640), and without any order of the court, and have the effect of such submission May 1, 1906.

Under these circumstances we are not inclined to consider the application as one for a resubmission at a special town meeting, and make the order, therefore, ourselves, and we think the county judge was justified in denying the application when it was made to him.

Our conclusion is that the order should be affirmed, with ten dollars costs and disbursements.

All concurred; STOVER, J., in result only.

Order affirmed, with ten dollars costs and disbursements.