(February 28, 1973)

In the Matter of RAYMOND D'ADDARIO et al., Appellants, v. EVERETT F. McNAB et al., Constituting the Board of Elections of the County of Suffolk, et al., Respondents, et al., Intervenors-Respondents.— In a consolidated action to declare that the vote on the Brookhaven Town Proposition No. 1 held on November 7, 1972 is void, invalid and of no legal effect, petitioners appeal from a judgment of the Supreme Court, Suffolk County, dated January 18, 1973, which inter alia dismissed the action and directed the respondent Board of Elections to certify the results of the election. Judgment reversed, on the law, without costs, and action remanded to the Special Term for entry of a judgment declaring that the Brookhaven Town Proposition No. 1 was not legally

submitted to the voters at the election held on November 7, 1972 and thus failed to become effective. We note at the outset that, since this is an action for a declaratory judgment, our jurisdiction is not based on section 330 of the Election Law, which gives the court summary jurisdiction in certain instances, but on our jurisdiction to grant relief in a plenary action (*Matter of Corrigan* v. *Board of Elections of Suffolk County*, 38 A D 2d 825, 826, affd. 30 N Y 2d 603; *Town of Cortlandt* v. *Village of Peekskill*, 281 N. Y. 490, mot. for rearg. den. 282 N. Y. 589). There is no dispute that the town clerk failed to give at least 10 days' notice by publication and to post notice of the vote on the proposition as required by section 82 of the Town Law. The statute states that the clerk "shall" give the notice as prescribed. The proposition, which called for the voters to decide whether a ward system of individual councilmanic districts should be established to replace the at-large method of electing members of the town board, carried by a margin of 191 votes out of approximately 72,000 cast. While we do not question the proposition that as a general principle a public election should not be vitiated because of a failure of strict compliance with statutory requirements (see *Salducco* v. *Etkin*, 268 N. Y. 606; *People ex rel. Hirsh* v. *Wood*, 148 N. Y. 142), where we have a statute which is mandatory on its face and when that statute is ignored the election cannot be upheld when attacked in a declaratory judgment action (*Town of Cortlandt* v. *Village of Peekskill*, 281 N. Y. 490, supra). As noted in the *Town of Cortlandt* case (pp. 496-497): "When the statutes prescribed methods by which propositions changing the form and structure of government shall be submitted, it cannot be left to the discretion of the court to say that substantially no notice whatever is required or that the specific provisions of the statutes may be overridden. There must be some uniformity in matters of this kind. The question is one of legal notice and not one of actual notice (*Matter of Town of La Fayette*, 105 App. Div. 25, 31; *Matter of Town of Livingston*, 189 N. Y. 549; *Matter of Peters* v. *Sisson*, 224 N. Y. 554)." We have not considered any other question in the case. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.