(26 Misc. Rep. 220.)

PEOPLE ex rel. HOVEY v. TOWN CLERK OF TOWN OF BAINBRIDGE.

(Supreme Court, Special Term, Chenango County. February 11, 1899.)

1. TOWN MEETINGS—LIQUOR LAW—SUBMISSION OF PROPOSITIONS—PETITION—
   TIME OF FILING.
   Town Law 1897, c. 481, § 32 (Laws 1890, c. 569, § 34), provides that no proposition or other matter than the election of officers shall be voted on by ballot at any town meeting, unless a written application therefor shall be filed with the town clerk at least 20 days before the town meeting; and Liquor Tax Law, § 16, subd. 4, as amended in 1897, declares that the propositions relating to the sale of liquor shall be again submitted in the same manner at the annual town meeting held every second year after their first submission, provided 10 per cent. of the electors at the next preceding general election shall, by written petition, signed, acknowledged, and "duly filed" with the officer charged with the duty of furnishing ballots for the election, request such submission. *Held*, that both acts were to be taken in pari materia, and that the words "duly filed," in the latter act, required the petition to be filed at least 20 days before the town meeting.

2. SAME—QUESTIONS SUBMITTED.
   The provisions of Town Law 1897, c. 481, § 32 (Laws 1890, c. 569, § 34), prohibiting any proposition other than the election of officers to be submitted to vote by ballot at any town meeting, unless a written application therefor was filed with the town clerk at least 20 days preceding such town meeting, are mandatory; and the clerk has no discretion to submit a question where the petition was not filed within the time prescribed.

Application by the people of the state of New York, on relation of Charles C. Hovey, for a writ of mandamus against the town clerk of the town of Bainbridge, Chenango county. Denied.

Johnson & Huntington, for relator.
W. B. Matterson, for defendant.

MATTICE, J. The relator applies for a peremptory writ of mandamus to compel the town clerk of the town of Bainbridge to print the necessary and required ballots for resubmitting to the electors of the town of Bainbridge the four propositions enumerated in section 16 of the liquor tax law. The electors of the said town of Bainbridge, to the number of 10 per cent. of the votes cast at the last preceding general election, prepared, signed, and acknowledged a petition in writing in due form of law, and caused the same to be filed in the town clerk's office on the 28th day of January, 1899. The papers show that such town clerk refused to have printed and prepared the

ballots necessary to enable the electors to vote upon such propositions at the coming annual town meeting, February 14, 1899. The town clerk assigns as his reason for such refusal that the petition was not filed in his office at least 20 days before the town meeting.

Section 32 of the town law (chapter 481, as renumbered in 1897), formerly section 34 of chapter 569 of the Laws of 1890, reads as follows:

"No proposition or other matter than the election of officers, shall be voted upon by ballot at any town meeting, unless the town officers or other persons entitled to demand a vote of the electors of the town thereon, shall, at least twenty days before the town meeting, file with the town clerk a written application, plainly stating the question they desire to have voted upon, and requesting a vote thereon at such town meeting."

Subdivision 4 of section 16 of the liquor tax law, as amended by chapter 312 of the Laws of 1897, provides, among other things, that:

"The same questions shall be again submitted in the same way at the annual town meeting held in every second year thereafter, provided the electors of the town to the number of ten per centum of votes cast at the next preceding general election shall, by written petition signed and acknowledged by such electors before a notary public or other person authorized to take acknowledgments or administer oaths and duly filed with the officer charged with the duty of furnishing ballots for the election, request such submission."

The counsel for the relator claims that the liquor tax law is a law by itself, and has no relation to, and is entirely independent of, the town law, and that the section of the town law above quoted has no application. His theory is that the words "duly filed" mean that the petition shall be filed with the town clerk or officer charged with the duty of preparing the ballots within a reasonable length of time, and long enough to enable the officer to prepare and have printed the proper ballots. I think his contention is wrong. The resubmission of the questions under the liquor tax law is peculiarly a town matter. It is a proposition "to be voted upon by ballot" at a town meeting. Ballots must be in the form and of the number required by the election law for voting upon other propositions or questions, and in all other respects the balloting upon the resubmission of these questions must be identical in manner and form as the voting upon any other proposition which could be lawfully submitted at an annual town meeting. The course of legislation upon the subject of giving notice to the electors of towns of propositions to be voted upon indicates that it was the intention of the legislature that the people should have ample notice of, and ample time to consider, all propositions to be thus voted upon. Chapter 122 of the Laws of 1883 provided that the town clerk should give 20 days' notice of all propositions, to be voted for at town meetings, authorizing the raising of money exceeding the sum of $500, and such vote should be by ballot. The town law of 1890, as above stated, prohibited the voting by ballot upon "a proposition or other matter," except the election of officers, unless the petition should be filed at least 20 days before the town meeting; and the town clerk is directed by that law to post, conspicuously, in at least four of the most public places in town, 10 days' notice of such proposition.

There is no force in the suggestion of counsel that the town law

56 N.Y.S.—5

has no application because it was passed before the liquor tax law, which authorized for the first time the submission of these questions. The town law is general and sweeping in its provisions, and was intended not only to apply to all propositions and questions which could then be lawfully submitted, but to all other propositions that could thereafter be submitted by reason of subsequent enactments. Moreover, the legislature is presumed to have enacted the liquor tax law, as well as all other laws, in reference to the statutes then in force. There is nothing in the liquor tax law that supersedes or repeals the town law, either expressly or by implication. Neither is there anything in such law repugnant to the town law, so far as this question is concerned. These statutes are pari materia, and relate in some degree to the same subject, to wit, the action of electors at town meetings; and, under well-settled rules of construction, force and effect should be given to both statutes.

The legislature did not intend to leave the question of the time of filing to the discretion of each town clerk in each particular case. What might seem a reasonable time to one clerk might not seem so to another. There would be endless confusion. Courts would be constantly called upon to define what a reasonable length of time in each particular case should be, and in many cases the public would get very little, if any, notice of so important a proposition. It must be observed, also, that the words "duly filed" are used in the statute. These words mean something more than the mere act of filing. The word "duly" means according to some rule of law. The statute is the same as though it read "filed in accordance with law." In Brownell v. Town of Greenwich, 114 N. Y. 518, 22 N. E. 24, it was held by the court of appeals (Vann, J., writing the opinion of the court) that "duly," in legal parlance, means according to law; that "it does not relate to form, merely, but includes form and substance, both." I am satisfied that the words "duly filed" mean according to the statute governing the subject of filing the petition, to wit, the town law. The statute is mandatory, and prohibits a vote by ballot unless the petition shall have been filed 20 days. The clerk had no discretion. It follows, therefore, that the town clerk was right in refusing to prepare and print the ballots for the reason that the petition had not been filed in his office 20 days before the ensuing town meeting.

The application for the writ is denied, but, as the question is a new one, no costs are allowed.