Supreme Court, Broome Special Term, June, 1899. Unreported.

## OLIN S. STUART v. THE TOWN OF NEWFIELD.

WALTER LLOYD SMITH, J. The issue here arises upon defendant's demurrer to the plaintiff's complaint. Counsel for both sides stipulate that no technical question is raised and both parties desire a determination of this question upon its merits. The action is brought practically to annul what is assumed to be the result of a vote in the Town of Newfield upon the submission of the question of license or no license. The petition asking such submission or resubmission was not filed with the town clerk twenty days before the town meeting and it is claimed, therefore, that within section 32 of the Town Law the election is void. That the submission of this question comes within that provision of the Town Law seemed to have been held in the People ex rel. Hovey v. Town Clerk of Bainbridge, 26 Misc. 220. The authority of this decision is not questioned by the defendant's counsel but his defense rests upon the contention that notwithstanding the improper submission, the election will be held valid because the electors of the town have fairly voted upon the question and the result as filed expresses their wishes. The defendant's contention cannot I think, be sustained. The twenty days required by law after the filing of the certificate was presumptively given to enable a full discussion and canvass of the question. The words of the statute are that no proposition shall be voted upon unless an application be duly filed at least twenty days before the election. It would be difficult to find words which would express more positively a prohibition. I am referred to no authority and I cannot conceive there can be any authority which would make valid a vote cast in the face thereof. The cases cited by the defendant's counsel are all of them cases where the ballot counted was irregular only and where no presumptive right of the electors has been violated. The irregularity of the ballot in containing names not properly placed thereupon was deemed to constitute a surplusage and the ballot was held effective for the candidates properly placed thereupon. The plaintiff is, therefore, entitled to the relief asked for.