(120 App. Div. 899)
In re TOWN OF LIVINGSTON. (Supreme Court, Appellate Division, Third Department. June 25, 1907.) Appeal from Order of Columbia County Judge. In the matter of the submission of local option questions to the electors of the town of Livingston. From an order requiring the town clerk of the town to call a

special meeting at which the local questions provided by Liquor Tax Law, Laws 1896, p. 57, c. 112, § 16, shall be resubmitted to the voters, the state commissioner of excise appeals. Affirmed. Russell Hadley (S. H. Salisbury, of counsel), for appellant. Harold Wilson, Jr., for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, upon the authority of the La Fayette Case, 105 App. Div. 25, 93 N. Y. Supp. 534.

KELLOGG, J. (dissenting). The order in this case was granted solely for the reason that the town clerk did not publish notice of the special election in a newspaper published in the county, as required by section 16 of the liquor tax law (Laws 1896, p. 57, c. 112). The record shows that the notices were duly posted at 18 different places in the town, that the questions to be submitted were discussed at public meetings, and that the fact that the vote was to be taken was well, thoroughly, and generally known to the voters in all parts of the town. It is not alleged that any one failed to vote because of the failure to publish the notice, or that any voter of the town was ignorant that the vote was being taken, or that any different result is expected or probable at a new election. The vote was large and the majority substantial. It is claimed upon the one side that the direction to publish the notice is jurisdictional and imperative, and that without it any election is invalid; upon the other hand, that the direction to publish the notice is directory merely, and if the town clerk fails to perform his full duty, but acts in good faith, and no injury results from the failure to publish the notice, then that no reason exists for a resubmission of the questions. The authorities upon this subject are so conflicting that there is not great profit in discussing or attempting to reconcile them. The county judge based his action apparently upon Matter of Town of La Fayette, 105 App. Div. 26, 93 N. Y. Supp. 534, decided in the Fourth Department in May, 1905, in which the order denying a resubmission was affirmed, and where the court discuss the conflicting authorities upon the subject, and show that in that department the decisions of the Appellate Division are not uniform. While the court lays down the rule that it is committed to the doctrine that the failure to publish the notice vitiates the submission and that the fact that the notice was not published is a sufficient reason for. the court to order a resubmission, it arrives at that decision from a review of the conflicting decisions in that department, and feels that it is committed to that rule until the Court of Appeals shall consider the matter and hold otherwise; the court saying: "There have been more or less decisions at Special Term which are reported, some following the suggestions in the first case decided by this court, and others the later cases. The county judge in this case disregarded all these cases in his own department of the Appellate Division, and based his conclusion on this subject upon a Special Term decision in Franklin county. Matter of O'Hara, 40 Misc. Rep. 355, 82 N. Y. Supp. 293." The cases cited in the La Fayette Case

and the O'Hara Case, supra, show well the conflict of opinion and the uncertainty existing upon this question. It must be, under all the authorities, that the failure to publish the notice authorizes the Special Term, upon a proper application, to order a resubmission when the court determines that sufficient reasons have been shown therefor. Section 16 of the statute provides: "If for any reason except the failure to file any petition therefor, the four propositions provided to be submitted herein to the electors of a town shall not have been properly submitted at such biennial town meeting, such propositions shall be submitted at a special town meeting duly called. But a special town meeting shall only be called upon filing with the town clerk the petition aforesaid and an order of the Supreme Court or County Court, or a justice or judge thereof, respectively, which may be granted upon eight days' notice to the state commissioner of excise, sufficient reason being shown therefor. Upon any application for such order, the town board, or any taxpayer in the town, may intervene as a party and be heard in opposition thereto." Prior to the amendment of this section by chapter 398, p. 855, of the Laws of 1899, if the first submission was improper, the resubmission followed apparently as a matter of course. That amendment required as a condition for a resubmission that a court or a judge certify that sufficient reason had been shown therefor, and by chapter 458, p. 1062, of the Laws of 1903 the town board or any taxpayer may intervene as a party and be heard in opposition to resubmission. These changes in the statute seem to indicate that the hearing as to whether a resubmission shall be ordered is more than a formal hearing, and does not follow as a matter of course, if the former submission was irregular, but that in some way sufficient reason is to be shown why a resubmission is necessary or proper. The only fact alleged by the petitioner is that the first submission was void because the notice was not published. This would be equally true if every voter of the town had attended and voted upon the question on the first submission. And if every voter had attended it would be difficult for the court or a judge to certify that sufficient reason had been shown for having a resubmission. In this case it does not appear but that every voter of the town knew of the questions to be submitted and the time of their submission, and, in the absence of some allegation that some one or some cause has been prejudiced by a failure to publish the notice, the conclusion that sufficient reason has been shown for a resubmission does not follow. As was said in the O'-Hara Case, supra: "It ought to be sufficient to assume prima facie that an irregularity in giving notice is prejudicial and makes a proper cause for a resubmission; but when it affirmatively appears that the public has not suffered by such irregularity, and that full notice was in fact given, the end designed to be accomplished by the statutory notice is reached, and a court vested with discretion will not follow the strict letter of the law, in utter disregard of its spirit and intent, and for a technicality sacrifice the substance. We have seen that the

court is vested with discretion, and is called upon to determine in each particular case under this section whether sufficient reason for resubmission has been shown." It may fairly be assumed from the record and the argument that the county judge felt constrained by the decision in the La Fayette Case to hold that the failure to publish the notice vitiated the submission, and that he should order a resubmission upon that fact being shown. We cannot, therefore, assume that he has determined that any substantial injury was done to any one by a failure to publish the notice, and from the record we are satisfied that no substantial reason has been shown for a resubmission, and that it should be denied. The petitioner in this case, considering the conflict in the authorities, may have omitted to state material facts which he otherwise might have alleged. deeming it sufficient ground for a resubmission that the prior one was defective. The decision here should therefore be without prejudice to his making another motion upon other papers showing the reasons why a resubmission is necessary or proper. The order appealed from should be reversed, with $10 costs, and the motion for a resubmission denied, with $10 costs, with the privilege to the petitioner to renew his application upon other papers.