## In the Matter of the TOWN OF CANAAN.

(County Court, Columbia County, May, 1913.)

Liquor Tax Law, § 13 — notice of submission of local option questions — special town meetings.

> Where the town clerk fails to have the notice of the sub-mission of the local option questions, provided for in section 13 of the Liquor Tax Law, posted the full time prescribed by statute, viz: ten days before the town meeting, an application for a resubmission of such questions at a special town meeting must be granted, though no complaint is made as to the manner in which the election was conducted, no intimation that a full and fair vote was not recorded, and no suggestion made that the result did not express the deliberate judgment of the electors.

APPLICATION to direct the town clerk of the town of Canaan to call a special town meeting at which the local option questions provided for in section 13 of the Liquor Tax Law shall be resubmitted.

J. Rider Cady for petitioner, William D. Colby.

John C. Dardess for Edward Kirby and others, opposed.

McNAMEE, J. The only papers presented on this application are those submitted in behalf of the petitioner. From these papers it appears that the town meeting was held March 18, 1913, and that the notice of the submission of the local option questions was posted in four public places in the town on March 10, 1913, eight days before the vote was taken. The question involved arises out of the posting of this notice and the facts are not disputed. The petitioner contends that the vote on the local option questions was improper and

invalid because of the failure of the town clerk to have the notice posted the full time prescribed by the statute, viz.: ten days before the town meeting.

The respondents contend that the posting of the notice eight days before the town meeting is a substantial compliance with the statute and, in the absence of further reason for resubmission, the application should be denied.

Section 13 of the Liquor Tax Law, respecting the notice to be given, provides: "The town clerk shall also, at least ten days before the holding of such town meeting or general election, cause to be printed and posted in at least four public places in such town, a notice of the fact that all of the local option questions provided for herein will be voted on at such town meeting or general election; and the said notice shall also be published at least five days before the vote is to be taken, once, in one newspaper published in the county." Another part of the same section provides: "If for any reason except the failure to file any petition therefor, the four propositions provided to be submitted herein to the electors of a town shall not have been properly submitted at such biennial town meeting, such propositions shall be submitted at a special town meeting duly called. But a special town meeting shall only be called upon filing with the town clerk the petition aforesaid and an order of the supreme or county court, or a justice or judge thereof, respectively, which may be granted upon eight days' notice to the state commissioner of excise, sufficient reason being shown therefor."

It has been held by the Appellate Division of the Supreme Court that a failure of the town clerk to *publish* a notice of the fact that the local option questions would be voted on at the town meeting, five days before such town meeting, rendered such submis-

sion improper and illegal.  Matter of Town of La
Fayette, 105 App. Div. 25.  Upon the authority of the
La Fayette case the Appellate Division of this depart-
ment held the same proposition in a case arising in the
town of Livingston in this county; and in affirming the
order of the Appellate Division in the Livingston case
the Court of Appeals held that " the statutory pro-
vision requiring notice to be published of the submis-
sion of the questions of local option at a town meeting
is mandatory."  Matter of Town of Livingston, 120
App. Div. 899; 189 N. Y. 549.

 Also, it has been held that a failure to *post* the
notices required by the Liquor Tax Law before the sub-
mission of the local option questions renders the vote
improper and necessitates a resubmission at a special
town meeting.  In that case the court observed:  " It is
argued that the publication of the notice in the news-
papers was sufficient.  It may well be that the means
taken to bring the matter before the people, and the
notice actually given, was more general and gave more
publicity to the fact that the proposed submission was
to be made, than would the posting of the four notices.
But that is not what the law requires.  It provides
that the notices shall be posted at least ten days before
the meeting.  The electors are to have that length of
notice, and also in addition, the notice shall be pub-
lished in one newspaper published in the county, which
shall be a newspaper published in the town, if there be
one.  The former is the principal notice, the latter
merely an adjunct or subordinate.  *  *  *  It is not a
question of actual but of legal notice.  It is analogous
to the notice required for a judicial sale where both
posting and publication are required.  Neither can be
omitted."  Matter of Powers, 34 Misc. Rep. 636.  The
Supreme Court has said again, in a case where the
notice required by the statute was not posted, " The

failure to give notice by posting and publishing is not, therefore, a mere irregularity, but rendered the vote a nullity,'' and again, '' The filing of the petition with the town clerk was a necessity, and the ten days' notice by that official obligatory.'' Matter of Sullivan, 34 Misc. Rep. 598, 602.

It is thus seen that the question presented by a failure to post the notice or to publish the notice required for the submission of the local option questions is not new; but that it has been held repeatedly that such failure nullifies the vote and necessitates a resubmission.

But it was contended upon the argument that the notice in this case was posted in four public places for eight days before the town meeting, and that the notice was published; and, therefore, there was *no sufficient reason shown* for a resubmission. The Appellate Division of the Supreme Court has already defined what the legislature intended by the expression '' sufficient reason being shown therefor.'' In the La Fayette case, *supra,* it was argued that something more must be shown the court or judge than the failure to publish the notice; that it must be shown that there was not a reasonably full vote on the question, and, if there had been, the result would have been different. But the court met this objection by writing: '' It seems to us the true meaning of the language is that the *reason* to be shown the court or judge is the same reason why the original submission was improper, and in this case such *reason* is that the notice was not published in the newpaper.'' The construction thus placed upon the expression, *sufficient reason being shown,* is binding upon this court; and this conclusion leads to the final consideration, viz.: is a posting of the notice eight days before the town meeting a legal compliance with the statute requiring the notice to be posted ten days before the town meeting?

As above observed, the courts have held repeatedly that the posting of the notice and the publication of the notice were " mandatory," were a " necessity," and were " obligatory; " and that a failure to give the notice " rendered the vote a nullity." These decisions were not based upon the theory that the notice actually given was not as general or effective as that prescribed by the statute, but upon the theory that the omission was in contravention of the statute and in disregard of the plain legal requirement. The Liquor Tax Law provides that the electors of a town shall have official notice ten days in length before the local option questions can be submitted to a vote. It is not anticipated in the statute that the town clerk may shorten this time any more than he may omit the notice altogether, either inadvertently or intentionally. And there is nothing in the act itself or in the rules of construction to warrant a court or judge in giving sanction to such a course, and thus substitute the unauthorized act of the town clerk or the will or opinion of the judge for the plain letter of the law.

It is very much to be regretted that an election must be set aside when no complaint is heard as to the manner in which it was conducted, when there is no intimation that a full and fair vote was not recorded, and when there is no suggestion that the result did not express the deliberate judgment of the people. But ours is a government of laws and not of men; and personal views must yield when not in harmony with the declared law.

The application for a resubmission of the local option questions must be granted, and an order may be entered accordingly.

Application granted.